UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YAN ZHAO et al.,

    *Plaintiffs*,

v.

KEQIANG LI et al.,

    *Defendants*.

Civil Action No. 20-3138 (TJK)

**MEMORANDUM OPINION**

This suit is the latest attempt by a group of corporate entities and an investor to secure ownership and control over a group of luxury hotels. After dismissing Plaintiffs' claims against three of the defendants, the Court ordered Plaintiffs to show cause why it should not sanction them and their counsel for apparent litigation misconduct. Plaintiffs responded to that show-cause order and then docketed several other filings, including two *lis pendens* notices about the underlying properties. One of the three former defendants, AB Stable VIII LLC, now moves for relief from the *lis pendens* notices. For the following reasons, the Court will grant AB Stable VIII's motion, and under its show-cause order the Court will dismiss this case and refer Plaintiffs' attorney to the Court's Committee on Grievances.

**I.  Background**

The Court assumes familiarity with the background of this case. *See* ECF No. 52 at 2–6. As relevant here, Plaintiffs are an individual named Yan Zhao and four corporate entities ("Plaintiff Entities") who basically claim to own several hotels in the United States, including one in Washington, D.C. *See* ECF No. 1 ¶¶ 14, 16, 28–30, 78, 80–81, 94–95, 98–99, 103–04, 107–08; *see also* ECF No. 10 at 2 (identifying the underlying properties). They allege that the Plaintiff

Entities obtained these properties through a series of arbitration awards granted under an arbitration agreement formed under the Delaware Rapid Arbitration Act as part of a scheme to prevent the Chinese government from confiscating those assets. *See id.* ¶¶ 28–37, 50, 249. When they sought to enforce those awards in Delaware state court, however, they allege that Vice Chancellor J. Travis Laster of the Delaware Court of Chancery, working with a company named AB Stable VIII LLC and Delaware attorney Matthew Belger (who represented AB Stable VIII's parent company) conspired with the Chinese government to illegally expropriate those properties by declaring the arbitration agreement fraudulent and the arbitration awards invalid. *See id.* ¶¶ 51–55, 168–76, 181–213; *see also World Award Found. Inc. v. Anbang Ins. Grp. Co.*, No. 2019-0605-JTL, 2020 WL 3799714, at *1–2 (Del. Ch. July 2, 2020); *AB Stable VIII LLC v. MAPS Hotels & Resorts One LLC*, No. 2020-0310-JTL, 2020 WL 7024929, at *1–4, *6, *8–10, *12, *17, *21–26, *46 (Del. Ch. Nov. 30, 2020), *aff'd*, 268 A.3d 198 (Del. 2021).

In this Court, Plaintiffs then sued Vice Chancellor Laster, Belger, AB Stable VIII, several Chinese government officials, and a Chinese government entity, asserting an array of claims against them related to this alleged conspiracy and seeking nearly one trillion dollars in damages, among other relief. *See* ECF No. 1. A few months later, Plaintiffs filed an "Ex Parte Petition for Temporary Restraining Order" to prevent the sale of the underlying properties by AB Stable VIII, which indirectly owns them. ECF No. 4; ECF No. 52 at 5 n.2. The Court denied that motion, finding that Plaintiffs failed to meet their burden to obtain such relief in "several respects," including by failing to identify a particular legal claim on which they were likely to succeed, failing to provide non-conclusory evidence to support their motion, and failing to show irreparable harm. *See* Minute Order of January 12, 2021. The next day, Plaintiffs sought similar relief by filing an

"Emergency Amended Motion for Appointment of Temporary Receivers/Trustees." ECF No. 10. The Court denied this motion for largely the same reasons. *See* Minute Order of August 27, 2021.

Meanwhile, Vice Chancellor Laster, Belger, and AB Stable VIII each moved to dismiss on "myriad grounds," including lack of personal jurisdiction. ECF No. 52 at 6; *see also* ECF No. 24; ECF No. 27; ECF No. 31. With those motions pending, Plaintiffs filed an "Emergency Motion for Show Cause Hearing," asking for "Judicial Intervention" under Federal Rule of Civil Procedure 24 to try yet again to obtain the relief they had sought in their prior two motions. *See* ECF No. 49. The Court denied that motion as well, mainly because Rule 24, which governs third-party intervention in a lawsuit, provided no basis for the relief they sought. *See* Minute Order of August 27, 2021.[1] The Court then granted the pending motions to dismiss and dismissed Vice Chancellor Laster, Belger, and AB Stable VIII from the case. *See* ECF No. 51; ECF No. 52 at 6–12.

Then the Court ordered Plaintiffs and their attorney Ning Ye, a member of the Bar of this Court, to show cause why they should not be sanctioned for several apparent violations of Federal Rule of Civil Procedure 11(b). ECF No. 56. They responded. ECF No. 59. They also filed a "Rule 60" motion about the Court's dismissal order as well as a recusal motion under 28 U.S.C. § 455. ECF No. 61; ECF No. 62. The Court denied both as meritless. *See* Minute Order of September 30, 2022; ECF No. 80. Plaintiffs also docketed two *lis pendens* notices about the underlying properties. *See* ECF No. 71; ECF No. 74. AB Stable VIII moves for relief from those notices. *See* ECF No. 72; ECF No. 75; *see also* ECF No. 78; ECF No. 79.[2]

---

[1] Plaintiffs later moved to strike parts of AB Stable VIII's opposition to their "Rule 24" motion. *See* ECF No. 53. The Court denied *that* motion because it was groundless under the legal standards applicable to it. *See* Minute Order of September 10, 2021.

[2] After the Court's show-cause order and AB Stable VIII's motions ripened, Plaintiffs filed a notice of appeal of the Court's dismissal order, ECF No. 51; ECF No. 52; as well as of the Court's orders

3

## II. Legal Standards

The Court "has the inherent authority to protect its integrity and prevent abuses of the judicial process." *Compton v. Alpha Kappa Alpha Sorority Inc.*, 938 F. Supp. 2d 103, 105–06 (D.D.C. 2013) (cleaned up). The Court's use of this inherent authority is committed to its discretion. *See Shepherd v. Am. Broadcasting Cos.*, 62 F.3d 1469, 1475 (D.C. Cir. 1995). In addition, under Rule 11, the Court on its own motion may "order an attorney . . . or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). If the Court finds a violation, it may impose an "appropriate sanction" on the responsible attorney or party. *Id.* The imposition of sanctions under Rule 11 is committed to the Court's discretion. *1443 Chapin St., LP v. PNC Bank, Nat'l Ass'n*, 718 F. Supp. 2d 78, 86 (D.D.C. 2010).

## III. Analysis

### A. The Court Will Grant AB Stable VIII's Motions for Relief from Plaintiffs' *Lis Pendens* Notices Because, Through Them, Plaintiffs Are Abusing the Judicial Process

After the Court dismissed AB Stable VIII from this case, Plaintiffs docketed two *lis pendens* notices ostensibly under D.C. Code § 42-1207, which, in Plaintiffs' telling, prohibit the sale

---

denying their Rule 60 motion and their recusal motion, ECF No. 80; Minute Order of September 30, 2022. *See* ECF No. 82. Ordinarily, the "filing of a notice of appeal . . . divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). But assuming the Court's show-cause order and AB Stable VIII's motions are "involved in the appeal," this principle does not apply when, as here, the notice of appeal seeks to appeal interlocutory, non-appealable orders. *See Griggs*, 459 U.S. at 58 (citing *Ruby v. Sec'y of U.S Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (en banc)); *United States v. DeFries*, 129 F.3d 1293, 1302–03 (D.C. Cir. 1997) (citing *United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989)). In any event, neither the Court's show-cause order nor AB Stable VIII's motions are "involved in the appeal" under *Griggs*. *See Chamber of Commerce of U.S. v. SEC*, 443 F.3d 890, 897 (D.C. Cir. 2006); *Horn v. Hardart Co. v. Nat'l Rail Passenger Corp.*, 843 F.2d 546, 548 (D.C. Cir. 1988). Thus, at this time the Court has jurisdiction to resolve AB Stable VIII's motions and the Court's show-cause order.

4

of any of the underlying properties without this Court's permission and require any such sale to be rescinded.  *See* ECF No. 71 at 1; ECF No. 71-1 at 1–2; ECF No. 74 at 1; ECF No. 74-1 at 1–2. Based on these notices, Ye has sent on Plaintiffs' behalf at least one "Cease and Desist" letter to a third party allegedly involved in selling some of the underlying properties to demand that they "immediately pause, terminate, and revoke" the sale.  *See* ECF No. 74-1 at 1–3 (letter to Goldman Sachs Bank USA).  AB Stable VIII moves to strike these notices, to order cancelled any *lis pendens* notices already recorded, to enjoin Plaintiffs from recording any other *lis pendens* notices about the underlying properties, and to sanction Plaintiffs and their counsel.  ECF No. 72 at 1–2; ECF No. 75 at 1–2.[3]  For the following reasons, the Court will grant AB Stable VIII's motion.

The "doctrine of lis pendens" permits a plaintiff who wishes to enforce an interest in property to which a defendant has title to give notice to third parties of the pendency of a civil action involving or affecting the property.  *Sutton Invs. LLC v. Perlmutter*, No. 21-cv-3226 (CJN), 2021 WL 6062635, at *1 (D.D.C. Dec. 22, 2021).  The District of Columbia has regulated this practice by statute.  *See id.* (citing D.C. Code § 42-1207).  Section 42-1207 imposes several requirements for recording a valid *lis pendens* notice about real property in the District of Columbia.  That said, even a valid *lis pendens* notice does not prohibit a transaction on the subject property; the notice simply alerts a prospective purchaser that any rights in the property that they acquire depend on the outcome of litigation involving it.  *See Stevenson v. Estate of Massey*, 746 F. Supp. 2d 127, 131–32 (D.D.C. 2010).  Of course, the practical "effect" of a *lis pendens* notice often is to prevent

---

[3] AB Stable VIII has since sued Zhao and Ye in New York state court to have cancelled *lis pendens* notices that they later recorded there.  *See* ECF No. 78 at 2.  That court ordered those notices cancelled, enjoined Zhao and Ye from recording additional notices, and sanctioned them for their "wholly frivolous" conduct.  *See* ECF No. 79 at 1–3; ECF No. 79-5 at 13–14; ECF No. 79-6 at 2–3; ECF No. 79-12 at 2–3; ECF No. 84 at 2; ECF No. 84-1 at 4–5.

the sale of the property or lower its market value while the case is pending. *Sutton Invs.*, 2021 WL 6062635, at *1 (quoting *Pater v. City of Casper*, 646 F.3d 1290, 1296 (10th Cir. 2011)). But the notice does not "bar alienation" of the property. *See Pater*, 646 F.3d at 1296 n.1.

Despite these settled principles—of which Plaintiffs are evidently aware, *see* ECF No. 73 at 7–8—Plaintiffs have misrepresented that their *lis pendens* notices dictate that sale of the underlying properties is prohibited without the Court's prior approval. Further still, through Ye they have sent harassing letters to third parties making the same misrepresentations. This is a transparent effort to obtain the relief that Plaintiffs tried and failed to obtain from this Court three times—first through their motion for a temporary restraining order, then by way of their motion for the appointment of a receiver, then via their "Rule 24" motion. *See* ECF No. 4; ECF No. 10; ECF No. 49; Minute Order of January 12, 2021; Minute Orders of August 27, 2021; *see also* ECF No. 73 at 7. Thus, the relief requested by AB Stable VIII is warranted.

First, the Court will strike ECF No. 71 and ECF No. 74 from the docket. The Court has the inherent authority to prevent abuses of the judicial process, which includes the power to strike filings. *See Compton*, 938 F. Supp. 2d at 105–06; *Phillips v. Mabus*, 319 F.R.D. 36, 38 (D.D.C. 2016). Plaintiffs' *lis pendens* notices plainly abuse the judicial process by misrepresenting their effect. Thus, the Court will strike these notices from the docket.

Second, the Court will order cancelled any *lis pendens* notices that Plaintiffs have already recorded and that may currently be in effect about the underlying properties, and it will enjoin them from recording any more without first obtaining leave of the Court. *See, e.g.*, *Sutton Invs.*, 2021 WL 6062635, at *5. The Court's inherent authority includes the "power to employ injunctive remedies" against litigants "when needed to protect the integrity of the courts and the orderly and expeditious administration of justice." *See Chien v. Freer*, No. 18-cv-2050 (CKK), 2021 WL

5507695, at *2 (D.D.C. Nov. 23, 2021) (internal quotation marks omitted). Usually, such remedies involve restrictions on a litigant's ability to file lawsuits, motions, or the like. *E.g.*, *id.* at *2–3. Even so, the "outer boundaries" of the Court's inherent authority are not "precisely delineated," and the Court stays within those boundaries when it exercises this authority as "a reasonable response to the problems and needs confronting the court's fair administration of justice." *See Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (internal quotation marks omitted). The injunctive remedy the Court will impose is a reasonable response to the problems and needs here.[4]

That said, before granting such relief the Court typically must ensure that Plaintiffs have had notice and an opportunity to respond and must make substantive findings as to the frivolous or harassing nature of Plaintiffs' actions. *See Chien*, 2021 WL 5507695, at *2. Here, AB Stable VIII's motion gave Plaintiffs notice and an opportunity to respond, and Plaintiffs in fact did respond. *See id.*; ECF No. 73. And the Court recounted above how Plaintiffs' actions have been both frivolous and harassing.

Thus, the Court will order cancelled any *lis pendens* notices recorded by Plaintiffs that are currently operative with respect to the underlying properties. And it will enjoin Plaintiffs from recording any other *lis pendens* notices about those properties without first obtaining leave of this Court.

Third, the Court will sanction Plaintiffs and Ye by requiring them, jointly and severally, to pay for AB Stable VIII's attorneys' fees and costs incurred in responding to ECF No. 71 and ECF

---

[4] The Court has statutory authority to order cancelled any of Plaintiffs' already-recorded *lis pendens* in the District of Columbia and impose sanctions for their "filing." *See* D.C. Code § 42-1207(d), (h). But the Court exercises its inherent authority here and elsewhere because that authority "extends to [the] full range of litigation abuses" at issue. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, 50–51 (1991).

No. 74.[5]  The Court's inherent authority "includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process," and one such "permissible sanction" is an order requiring the responsible parties to reimburse legal fees and costs incurred by other parties because of the responsible parties' sanctionable misconduct.  *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (internal quotation marks omitted).  To impose this sanction, the Court must find by clear and convincing evidence that the party being sanctioned "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  *See Priority One Servs., Inc. v. W & T Travel Servs., LLC*, 987 F. Supp. 2d 1, 4–5, 7 (D.D.C. 2013) (internal quotation marks omitted).  For the reasons discussed above, the Court has no trouble finding as much here.  *See Robertson v. Cartinhour*, 883 F. Supp. 2d 121, 129 n.26 (D.D.C. 2012); *Am. Hosp. Ass'n v. Sullivan*, 938 F.2d 216, 219–20 (D.C. Cir. 1991).  Thus, the Court will order Plaintiffs and Ye to pay AB Stable VIII's attorneys' fees and costs incurred in responding to ECF No. 71 and ECF No. 74.[6]

    **B.**    **The Court Will Dismiss This Lawsuit and Refer Ye to the Court's Committee on Grievances Because of Plaintiffs' Litigation Misconduct**

Previously, the Court ordered Plaintiffs and Ye to show cause why it should not sanction them for several apparent violations of Federal Rule of Civil Procedure 11.  ECF No. 56.  Specifically, the Court found reason to believe that Ye, on Plaintiffs' behalf, violated Rule 11(b) by (1) submitting filings for an "improper purpose," including to perpetrate a fraud and to harass; (2) by making arguments that were legally frivolous; and (3) by making arguments that were

---

[5] The Court will confine the scope of the sanction to AB Stable VIII's fees and costs incurred in responding to ECF No. 71 and ECF No. 74 both because AB Stable VIII has obtained sanctions in the New York litigation, *see* ECF No. 84-1 at 4–5, and because the Court must exercise its inherent authority with "appropriate restraint."  *See Shepherd*, 62 F.3d at 1475.

[6] The Court will order AB Stable VIII to file a supplemental motion for attorneys' fees and costs by October 21, 2022.

factually unsupportable. *See id.* at 3–6 (relying on Fed. R. Civ. P. 11(b)(1)–(3)). For the following reasons, the Court now finds that Rule 11 sanctions are warranted against both Plaintiffs and Ye. And given the record of litigation misconduct in this case, the Court will sanction Plaintiffs by dismissing the case and will sanction Ye by referring him to the Court's Committee on Grievances.

Under Rule 11, when an attorney presents a "pleading, written motion, or other paper" to the Court, counsel certifies to the best of her "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that:

> (1) [the filing] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). An "objective standard of reasonableness" determines "whether there has been a violation" of Rule 11(b). *Hourani v. Mirtchev*, 796 F.3d 1, 17 (D.C. Cir. 2015); *see also* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1335, nn.11–19 & accompanying text, Westlaw (4th ed. updated May 2022).

If, after affording "notice and a reasonable opportunity to respond," the Court "determines that Rule 11(b) has been violated," it "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1); *see also Geller v. Randi*, 40 F.3d 1300, 1304–05 (D.C. Cir. 1994); 5A Wright & Miller, *supra* § 1336.2. An "appropriate sanction" is one that is "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." *See* Fed. R. Civ. P. 11(c)(4); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). In fashioning an appropriate

sanction, the Court has "broad discretion." *Hourani*, 796 F.3d at 17. Proper considerations in exercising that discretion include whether the violation was willful or negligent, whether it was part of a pattern of activity, whether the person has engaged in similar conduct in other litigation, and whether it was intended to injure. *See id.*; Fed. R. Civ. P. 11, advisory committee note to 1993 amendment. The Court may refer a party's attorney to disciplinary authorities as a sanction. *See* Fed. R. Civ. P. 11, Advisory Committee Note to 1993 Amendment; *see also Carswell v. Air Line Pilots Ass'n, Int'l*, 248 F.R.D. 325, 330 (D.D.C. 2008); LCvR 83.16(d)(2). The Court may also dismiss a case to penalize "serious misconduct when lesser sanctions would be ineffective." *Marina Mgmt. Servs., Inc. v. Vessel My Girls*, 202 F.3d 315, 325–26 (D.C. Cir. 2000).

First, the Court finds that Plaintiffs, through Ye, have violated Rule 11(b)(1) by submitting filings for the improper purpose of harassing others and have violated Rule 11(b)(2) by advancing frivolous legal contentions in their filings. As just one example, the Court pointed out in its show-cause order that the series of emergency motions Plaintiffs filed that sought to prevent AB Stable VIII from selling the underlying properties started out as meritless, grew increasingly so with each passing motion, and demonstrated an intent to harass AB Stable VIII. *See* ECF No. 56 at 3–6. In their response, Plaintiffs, through Ye, asserted that their actions were legally defensible and were done in good faith. *See, e.g.*, ECF No. 59 at 24–26, 29–30. But they provided no authority to show or even suggest as much. And their repeated and ongoing misconduct, in this Court and elsewhere, shows that they have acted vexatiously. *See, e.g.*, *Robertson*, 883 F. Supp. 2d at 129 & n.26; *see also Hourani*, 796 F.3d at 17. Thus, the Court finds that Plaintiffs, through Ye, have violated Rule 11(b)(1)–(2).

Second, turning to the question of an appropriate sanction, the Court finds that a sanction against Plaintiffs themselves is warranted. Again, under Rule 11 the Court may sanction any

"party" who is "responsible for the violation." *See* Fed. R. Civ. P. 11(c)(1).  Here, Plaintiffs' "litigious history" shows that they are responsible for the violation.  *See Geller*, 40 F.3d at 1304.  After all, they were represented by different counsel in the Delaware proceedings when Vice Chancellor Laster found that they were perpetrating a fraud in relation to the underlying properties.  *See World Award Found. Inc. v. Anbang Ins. Grp. Co.*, No. 2019-0605-JTL, 2020 WL 1875461, at *1 (Del. Ch. Apr. 14, 2020); *AB Stable VIII*, 2020 WL 7024929, at *2–3.  They then retained Ye to sue in this Court to continue their pursuit of the underlying properties, and at their behest, Ye has repeatedly filed baseless motions and taken other frivolous actions to interfere with AB Stable VIII's interest in the properties.  *See, e.g.*, ECF No. 4; Minute Order of January 12, 2021; ECF No. 10; Minute Order of August 27, 2021; ECF No. 49; Minute Order of August 27, 2021; ECF No. 71; ECF No. 74.  And they have now expanded their pursuit of the properties into New York.  *See* ECF No. 78 at 2.  Plaintiffs are the "catalyst" for the litigation misconduct in this case.  *See Chevron, U.S.A., Inc. v. Hand*, 763 F.2d 1184, 1187 (10th Cir. 1985).  Thus, they are responsible for the Rule 11 violations.

As a sanction against them, the Court will dismiss this case with prejudice.  "Dismissal is a legitimate sanction under Rule 11 . . . for serious misconduct when lesser sanctions would be ineffective or are unavailable."  *Marina Mgmt. Servs.*, 202 F.3d at 325.  The misconduct at issue is no doubt serious—it is part of a pattern of harassing, frivolous conduct that is ongoing despite several court orders trying to prevent it.  *See, e.g.*, *World Award Found.*, 2020 WL 3799714, at *1; ECF No. 79-6; ECF No. 84-1.  And lesser sanctions would be ineffective.  For instance, after the Court issued its show-cause order based in part on Plaintiffs' legally frivolous actions, they doubled down, filing a meritless "Rule 60" motion and a conclusory motion for recusal.  *See* ECF No. 61; ECF No. 62; ECF No. 80; Minute Order of September 30, 2022.  If that were not enough, the

Court also notes that, after Zhao and Ye defied an injunction recently imposed on them in New York state court about *lis pendens* notices they recorded there and were sanctioned $7,500 for their "wholly frivolous" conduct in doing so, they appealed the injunction and the sanctions as "unconscionably" and "unprofessionally" issued. *See* ECF No. 84-1 at 4–5; ECF No. 84-2 at 1. Obviously, then, lesser sanctions are no deterrent for Plaintiffs' serious misconduct. Thus, dismissal is warranted.

The Court also finds that a sanction against Ye is warranted. Under Rule 11, the Court may "impose an appropriate sanction on any attorney . . . that violated the rule." Fed. R. Civ. P. 11(c)(1). As discussed above, Ye violated the rule in several ways in this case. Thus, a sanction against him is appropriate.

For an appropriate sanction, the Court will refer Ye to the Court's Committee on Grievances. Under Rule 11, the Court may refer an attorney to disciplinary authorities as a sanction. *See* Fed. R. Civ. P. 11, advisory committee note to 1993 amendment; *see also Carswell*, 248 F.R.D. at 330. And under Local Civil Rule 83.16(d)(2), the Court "may refer to the Committee [on Grievances] the name of any attorney" subject to the Court's Local Rules "on a Complaint that such attorney has engaged in conduct which, if substantiated, would warrant the imposition of discipline." As a member of the Bar of this Court representing Plaintiffs in this case, Ye is subject to the Court's Local Rules. *See, e.g.*, LCvR 1.1(a). And for the reasons set forth in this Memorandum Opinion, the Court finds that he has engaged in conduct that the Committee on Grievances may determine warrants imposing discipline.[7] Thus, the Court will refer Ye to the Committee on Grievances.

---

[7] This case is far from the first instance in this Court in which Ye has submitted groundless filings or committed other litigation-related misconduct. *See, e.g.*, *Ye Gon v. Lynch*, No. 15-cv-1970

12

**IV.     Conclusion**

For all these reasons, the Court will grant AB Stable VIII's motions; strike ECF No. 71 and ECF No. 74 from the docket; order cancelled any *lis pendens* notices that Plaintiffs have already recorded and that are still in effect about the underlying properties; enjoin Plaintiffs from recording any other *lis pendens* notices about the underlying properties without first obtaining leave of the Court to do so; order Plaintiffs and their counsel to pay AB Stable VIII's attorneys' fees and costs incurred in responding to ECF No. 71 and ECF No. 74; order AB Stable VIII to file a supplemental motion for attorneys' fees and costs by October 21, 2022; dismiss this case with prejudice; and refer Ye to the Court's Committee on Grievances.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: October 11, 2022

---

(JDB) (D.D.C. Apr. 7, 2016), ECF No. 14; *Yu v. Napolitano*, No. 10-cv-1074 (RBW) (D.D.C. July 1, 2010), ECF No. 2; *Ye v. Holder*, No. 9-cv-103 (ESH) (D.D.C. Aug. 13, 2009); ECF No. 25; *United States v. Ye*, No. 8-cr-324 (RJL) (D.D.C. Dec. 1, 2009), ECF Nos. 166 & 167; *In re: Extradition of Zhenly Ye Gon*, No. 8-mc-596 (JMF) (GMH) (D.D.C. June 23, 2009), ECF No. 55; *United States v. Ye Gon*, No. 7-cr-181 (EGS) (D.D.C. Dec. 23, 2008), Minute Order of December 23, 2008; *Ye Gon v. Gonzalez*, No. 7-cv-1308 (RWR) (D.D.C. Feb. 21, 2008), ECF No. 6.